**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4006

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHEREA DARNELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:17-cr-00092-HCM-RJK-1)

Submitted:  August 12, 2019                     Decided:  September 4, 2019

Before GREGORY, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald T. Zerkin, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Howard J. Zlotnick, Assistant United States Attorney, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherea Darnell appeals the jury verdict finding her guilty of various counts of wire fraud, bank fraud, and filing a false tax return. The charges stemmed from allegations that Darnell, while serving as the practice administrator for Cullom Eye and Laser Center ("CELC"), stole more than $500,000 from bank and credit accounts belonging to Dr. Robert Cullom, the head of CELC. On appeal, Darnell challenges the adequacy of the voir dire proceedings, the relevance of some of Dr. Cullom's testimony, and the propriety of the Government's closing argument.* Finding no reversible error, we affirm.

We "accord great deference to the district court's decisions about the conduct of voir dire." *United States v. Jeffery*, 631 F.3d 669, 673 (4th Cir. 2011). "In non-capital cases . . . with no issues of racial or ethnic prejudice, the district court need not pursue a specific line of questioning on voir dire, provided the voir dire as a whole is reasonably sufficient to uncover bias or partiality in the venire." *Id.* at 673-74 (internal quotation marks omitted). Ordinarily, to prevail on an inadequate voir dire claim, the defendant must "establish that the voir dire questioning did not permit intelligent challenges of the jury, and therefore constituted an abuse of the court's discretion." *Sasaki v. Class*, 92 F.3d 232, 239 (4th Cir. 1996). But where, as here, "the defendant fail[ed] specifically to object to

---

* Darnell also raises two claims of ineffective assistance of counsel relating to her trial counsel's failure to object to certain purported errors at trial. However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record does not conclusively establish that counsel performed deficiently, such "claim should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.

the manner in which the district court conducted voir dire," the defendant must satisfy the stringent requirements of plain error review. *United States v. ReBrook*, 58 F.3d 961, 969 (4th Cir. 1995), *abrogated on other grounds by Neder v. United States*, 527 U.S. 1 (1999), and *United States v. O'Hagan*, 521 U.S. 642 (1997); *see United States v. Umana*, 750 F.3d 320, 336 (4th Cir. 2014) (reviewing unpreserved voir dire issue for plain error).

Darnell takes issue with the manner in which the district court inquired of the venire about Riverside Health System ("Riverside"), the hospital association to which CELC belonged. In questioning the six prospective jurors employed by or related to an employee of Riverside, the court confirmed that the potential effect that Darnell's alleged fraud had on Riverside's finances would not impact their impartiality. Contrary to Darnell's argument, we discern no basis for concluding that the court plainly erred in its explanation of Riverside's role in the case. And because nothing in the record implicated a settled, per se rule of disqualification, *see United States v. Turner*, 389 F.3d 111, 115-116 (4th Cir. 2004), we reject Darnell's claim that the court plainly needed to ask the venirepersons about the specific jobs they or their relatives held at Riverside. In short, given the wide latitude accorded to the district court, we conclude that this is not one of those "rare case[s] in which [we] find error in the trial court's conduct of voir dire." *Jeffery*, 631 F.3d at 673.

Next, Darnell disputes the relevance of Dr. Cullom's testimony explaining that he reported Darnell to law enforcement out of a concern that she would defraud others in the future. Darnell contends that this statement played on the jury's fear that, were she not convicted, she would be free to engage in further fraudulent conduct. We need not decide

3

whether the district court abused its discretion in permitting this testimony because any such error is harmless. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018).

> An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error. Put another way, an error is harmless if it's highly probable that it did not affect the judgment. The decisive factors to consider are the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error.

*Id.* at 340-41 (citations, brackets, and internal quotation marks omitted).

The primary issue at trial was whether, as Dr. Cullom maintained, Darnell lacked permission to use his accounts for anything other than CELC's business expenditures or whether, as Darnell claimed, Dr. Cullom authorized her to incur personal charges on his accounts as a form of supplemental compensation. As Darnell acknowledges, Dr. Cullom's isolated statement regarding her future dangerousness was but a small fraction of the abundant evidence against her narrative. Thus, even though the district court took no steps to mitigate this assumed error, we conclude that it is harmless. Finally, for the same reasons, we conclude that the Government's brief reference during its closing argument to Dr. Cullom's contested statement did not "so infect the trial with unfairness as to make the resulting conviction[s] a denial of due process." *United States v. Abdallah*, 911 F.3d 201, 220 (4th Cir. 2018) (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4